IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RENEE JIMENEZ,                    §
                                  §
                    Plaintiff,    §
                                  § Civil Action No. 3:09-CV-0239-D
VS.                               §
                                  §
HEAD START OF GREATER,            §
DALLAS, INC., et al.,             §
                                  §
                    Defendants.   §

MEMORANDUM OPINION
AND ORDER

This is a removed *pro se* action by plaintiff Renee Jimenez ("Jimenez") against defendants Head Start of Greater Dallas, Inc., Marcus Saldana, and Lisa Tigue-Tarrant.[1] Jimenez sues defendants under various federal and state statutes and common law claims for disability discrimination and retaliation. Defendants move for summary judgment. Jimenez has not responded to the motion, and the court grants it for the reasons that follow.[2]

I

Jimenez complains that defendants are liable under federal and state law for discriminating and retaliating against her. On April

---

[1]Jimenez was represented by counsel until April 7, 2010, when the court granted counsel's motion to withdraw.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

20, 2010 defendants filed a motion for summary judgment. Jimenez's response to the motion was due no later than May 11, 2010. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Jimenez has not responded, and the motion is now ripe for decision.

II

Because defendants will not have the burden of proof at trial on Jimenez's claims, they can meet their summary judgment obligation by pointing the court to the absence of evidence to support the claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In their brief, defendants point to the absence of evidence to support each claim. Because they have done so, Jimenez must go beyond her pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Jimenez's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Her failure to produce proof as to any essential element renders all other facts immaterial. See *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Jimenez fails to meet this burden. *Little*, 37 F.3d at 1076.

III

As noted, Jimenez has not responded to defendants' motion. Her failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept defendants' evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, Jimenez's failure to respond means that she has not designated specific facts showing that there is a genuine issue for trial on any of her claims. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). The fact that Jimenez is litigating this case *pro se* does not alter this rule. As the court stated in *Bookman*:

> There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

- 3 -

*Id.* at 1005.

Defendants have pointed to the absence of evidence to support each of Jimenez's claims. Jimenez has not adduced evidence that would permit a reasonable jury to find in her favor on any claim. Defendants are therefore entitled to summary judgment.

\*     \*     \*

Accordingly, defendants' April 20, 2010 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

May 13, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE